**Lewis Esho YONAN; Lamya Yousif Al Sabagh; Alex Lewis Yonan, Petitioners,**

v.

**John ASHCROFT, Attorney General, Respondent.**

United States Court of Appeals, Ninth Circuit.

Submitted July 30, 2004.*

Decided Oct. 22, 2004.

Alan M. Anzarouth, Esq., San Diego, CA, for Petitioners.

Regional Counsel, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, San Francisco, CA, Richard M. Evans, Esq., Nancy E. Friedman, Esq., Washington, DC, for Respondent.

* This panel unanimously finds this case suitable for decision without oral argument. See

Fed. R.App. P. 34(a)(2).

Before: B. FLETCHER, LEAVY, and BERZON, Circuit Judges.

## MEMORANDUM **

Lewis Esho Yonan, a native and citizen of Iraq, petitions for review of the Board of Immigration Appeal's (BIA) decision dismissing his appeal from an Immigration Judge's (IJ's) denial of his application for asylum, withholding of removal, and relief under the United Nations Convention Against Torture (CAT). Yonan's wife, Lamya Yousif Al Sabagh, and his minor son, Alex Lewis Yonan, applied for asylum as derivative beneficiaries of Yonan's claim. We have jurisdiction under 8 U.S.C. § 1252, and we grant the petition.

"Where ... the BIA has reviewed the IJ's decision and incorporated portions of it as its own, we treat the incorporated parts of the IJ's decision as the BIA's." *Molina–Estrada v. INS*, 293 F.3d 1089, 1093 (9th Cir.2002). The denial of asylum is reviewed for substantial evidence. *See Kataria v. INS*, 232 F.3d 1107, 1112 (9th Cir.2000).

Yonan claimed that he was persecuted on account of his religion during two distinct time periods: first, in 1990–91 when he was conscripted into the Iraqi military and harassed, detained, beaten, and threatened with death; and second, in 1997, in the Kurdish controlled region of Northern Iraq, where he was harassed and his wife was raped.

■ The IJ found that Yonan's testimony was not credible with respect to the alleged persecution in 1990–91. This finding was based on discrepancies in Yonan's accounts of his presence in Iraq in 1991. The BIA adopted the IJ's findings regarding the discrepancies and Yonan's lack of credibility.[1] Substantial evidence supports this adverse credibility determination. *See Chebchoub v. INS*, 257 F.3d 1038, 1043 (9th Cir.2001).

■ Both the BIA and the IJ, however, disregarded the alternate basis of asylum eligibility: the harassment of Yonan and sexual abuse of Al Sabagh in 1997. Yonan testified that he and Al Sabagh lived peacefully in Northern Iraq until 1996, when fighting broke out between the two major Kurdish factions. Because he was a Chaldean Christian, Yonan and his family were targeted. In May 1997, people from one Kurdish faction took Yonan from his home, interrogated him, and detained him for four hours. When he returned home, he learned that two men from the same group had come to his home while he was gone and had beaten and raped Al Sabagh, who was pregnant. They fled to Turkey, where Al Sabagh had a miscarriage.

Al Sabagh testified at the hearing and confirmed Yonan's account of her rape and their flight from Iraq. As the BIA did not indicate that it doubted Al Sabagh's credibility, we must take her version of the 1997 events as established. *See Navas v. INS*, 217 F.3d 646, 652 n. 3 (9th Cir.2000). Yonan's asylum application is also consistent with his testimony concerning the events of 1997.

We therefore remand to the BIA for a determination in the first instance whether Yonan has established eligibility for asylum, withholding of removal, and relief under CAT based upon the uncontested evidence provided by Yonan and Al Sabagh about the 1997 events in Northern Iraq.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. The IJ also found that Yonan's demeanor was "poor." However, the BIA did not adopt this finding.

*See INS v. Ventura,* 537 U.S. 12, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

Petition GRANTED AND REMANDED.